No. 781

WALES v. SAUERS

Ohio Appeals, 9th Dist., Summit County
No. 864. Decided May 14, 1924

229. CHATTEL MORTGAGE — 1. Mortgagee of personal property held general property owner and entitled to possession on condition broken and as such may maintain replevin.

2. When mortgagee retakes possession although not refiling within three years, still entitled to his lien on property.

102. REPLEVIN—1. Wrongful detention of property is gist of action and allegation thereof implies right to possession.

2. Allegation of property interest and wrongful detention to damage of complainant is sufficient pleading.

3. Allegation of conditions of chattel mortgage, amount due, date of filing, purchase subject to mortgage, demand of return of property, etc., held sufficient requisites for petition.

FUNK, P. J.

Epitomized Opinion
Published Only in Ohio Law Abstract

Wales filed an action in replevin in the Summit Common Pleas against John Sauers in which he alleged that he was entitled to the immediate possession of a certain automobile therein properly described by virtue of a chattel mortgage, the terms of which had been broken, and that the defendant wrongfully detains the same from plaintiff to his damage in the sum of $100. The usual affidavit in replevin preliminary to filing such petition was filed in this case. Sauers filed a motion to make the petition more definite and certain, which was sustained.

An amended petition which contained all of the the allegations of the original petition and in addition thereto alleged the original amount of the chattel mortgage, the conditions of the mortgage, the amount thereof which was due and unpaid, the date upon which it was filed, and that the defendant wrongfully detained the same ever since.

To this amended petition the defendant filed a general demurrer upon the ground that it did not state facts sufficient to constitute a cause of action. This demurrer was sustained. Wales then filed a second amended petition which contained all of the allegations of the first amended petition and in addition thereto alleged that on or about Sept. 1, 1921, that Sauers purchased said automobile subject to said chattel mortgage and that he now wrongfully detains said automobile, although demand was made on him by Wales to surrender possession thereof. The second amended petition was stricken from the files, whereupon Wales prosecuted error. In reversing the judgment of the lower court, the Court of Appeals held:

1. A mortgagee under a chattel mortgage is a general property owner and after said condition is broken is entitled to immediate possession of the property covered by said mortgege, and is a proper party to maintain said action.

2. A mortgagee of personal property who has not refiled his chattel mortgage as provided by statute may take possession of such mortgaged property after the time for such renewal has expired, when the terms of the instrument authorized the taking of possession on the breach of its conditions, and that the taking of such possession before other creditors, purchasers or mortgagees have acquired a valid lien upon such property, will give such mortgagee a prior claim on the property or its proceeds as against such subsequent purchasers, mortgagees or creditors.

3. The gist of an action for replevin is the unlawful or wrongful detention of the property, and that an allegation by Wales of a wrongful detention by Sauers necessarily implies a right to possession in Wales.

4. In an action for replevin it is sufficient to allege plaintiff's ownership and that the defendant wrongfully detained said property from the defendant to his damage.

5. As the second amended petition alleged that plaintiff was entitled to the immediate possession of the property by virtue of a chattel mortgage, and having alleged its conditions, the conditions broken, the amount due and unpaid, the date it was filed, the date of the purchase which was within the three-year period after the mortgage had been filed, and that the purchaser bought subject to the mortgage and that demand had been made upon the purchaser for return of the property, the petition alleged all the requisites for a petition in replevin.

Attorneys—Donald Gottwald, for Wales, etc.; Decker & Platt, for Sauers; all of Akron.